UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SODI MANN,<br><br>        Plaintiff,<br><br>        v.<br><br>PLY GEM PACIFIC WINDOWS CORPORATION; CORNERSTONE BUILDING BRANDS SERVICES, Inc.; and MICHAEL WELTER,<br><br>        Defendants. | No. 2:24-cv-01328-DJC-AC<br><br><br>ORDER |

Before the Court is Plaintiff Sodi Mann's Motion to Remand this action to California Superior Court. Defendant removed the suit on the basis of diversity jurisdiction arguing that Michael Welter, who would otherwise defeat diversity, is a "sham defendant" because the Intentional Infliction of Emotional Distress ("IIED") claim against him fails. For the reasons presented below, the Court finds that Defendant Welter is not a sham defendant, and thus the Court lacks jurisdiction over this matter.

**I.    Background**

Plaintiff's claims against his former employer Ply Gem Pacific Windows Corporation, a subsidiary of Cornerstone Building Brands, Inc, and his former supervisor Michael Welter (collectively, Defendants), arise from the denial of Plaintiff's

1

family medical leave request and subsequent termination. (Not. of Removal, Ex. A ("Compl.") (ECF No. 1-1) ¶¶ 1-5, 11-15.) Plaintiff alleges that when he requested leave to care for a family member one week in advance, he was wrongfully and deceptively told by Welter that Ply Gem required two weeks of notice and that he could not grant the request. (*Id.* ¶¶ 11-12, 63.) Plaintiff took the leave regardless, and his employment was later terminated. (*Id.* ¶1.)

Plaintiff, a California resident, originally filed this action in the Superior Court of California, County of Sacramento. (*Id.* ¶1; Not. of Removal (ECF No. 1) at 1.) Defendants removed the case based on diversity jurisdiction, arguing that Defendant Welter, who is a California resident, was fraudulently joined for jurisdiction purposes and is a sham defendant. (Not. of Removal at 3-6.) Plaintiff brings the present Motion to Remand arguing that Welter is not a sham defendant, and that the case should therefore be remanded for lack of jurisdiction. (Mot. to Remand (ECF No. 7).) The motion is fully briefed with Defendants filing an Opposition (ECF No. 13), and Plaintiff filing a Reply (ECF No. 15).

This motion is submitted on the pleadings without oral argument pursuant to Local Rule 230(g). The hearing on Defendants' Motion to Dismiss (ECF No. 3) and Plaintiff's Motion to Remand, set for July 11, 2024, is VACATED. The parties' Joint Request for Remote Appearance (ECF No. 17) is DENIED AS MOOT.

**II.     Legal Standard for Motion to Remand**

A case may be removed to federal court if that court would have original jurisdiction over the matter, which generally requires asserting federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. See 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citation omitted)) (internal quotation marks and

alterations omitted). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always bears the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)).

### III.     Discussion

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044–46 (citations omitted)). Defendants challenge the joinder of Defendant Welter on the second basis, which requires Defendants to show there is *no* possibility that a state court would find that the Complaint states a cause of action against Welter. *See id.* (quoting *Hunter*, 582 F.3d at 1046). Defendants "bear a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046 (citations omitted)) (alteration included).

Establishing an inability to state a cause of action against the non-diverse defendant requires more than showing that the claim does not meet the standards for a motion to dismiss under Rule 12(b)(6). Rather, the court must determine "whether there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)) (emphasis added); *Grancare*, 889 F.3d at 549–50 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met."

*Ontiveros v. Michaels Stores, Inc.*, No. CV-12-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare, LLC*, 889 F.3d at 548–49 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits.") (collecting cases). For example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320 and *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), a state law privilege, *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), or other inability to hold the defendant liable, *see United Comput. Sys.*, Inc. *v. AT & T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002), are instances in which fraudulent joinder may be established because those defenses render the claim "impossible."

Here, Defendants do not assert a procedural bar or immunity defense, but argue that Plaintiff cannot establish his IIED claim against Welter because the conduct at issue is not "extreme and outrageous." As part of an IIED claim, the plaintiff must allege that the conduct the defendant engaged in was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982). California courts have determined that most personnel management decisions are "not alone sufficient to satisfy the standard for extreme and outrageous conduct." *Gibson v. Am. Airlines*, No. C-96-1444-FMS, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996) (citing *Pitman v. City of Oakland,* 197 Cal. App. 3d 1037, 1047 (1988)); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) (claim that a personnel management decision was improperly motivated should be brought against employer, not an individual supervisor). Even so, management actions may be sufficient to establish a claim "where a fundamental interest of the employee is violated in a deceptive manner that results in the plaintiff

being denied rights granted to other employees . . . ." *Id.* at *1, *4 (wrongly recording the plaintiff's time off in a way which would damage her standing and denying the plaintiff family medical leave could support an IIED claim such that the defendant was properly joined); *Rulon-Miller v. International Bus. Machines Corp.*, 162 Cal. App. 3d 241, 254 (1984) (plaintiff plead possible IIED claim against manager who terminated her for having romantic relationship with manager of rival firm without giving her time to end the relationship).

In a similar case alleging IIED, *Calero v. Unisys Corp.*, the court found that there was a possibility that a state court could find that the plaintiff established the cause of action against the non-diverse defendant.  271 F. Supp. 2d 1172, 1178 (N.D. Cal. 2003).  There, the plaintiff alleged that the supervisor had terminated the plaintiff for taking a medical leave of absence after the supervisor had "deceived him into thinking that plaintiff had done all that was necessary to secure his right to remain employed while he took leave . . . ." *Id.*  The court found that the supervisor's conduct was similar in nature to other cases finding that an IIED claim was possible where an employer was either terminated in a deceptive manner or denied medical leave.  In so finding, the court expressly distinguished cases finding that similar conduct was not extreme or outrageous under the Rule 12(b)(6) standard because that standard is more demanding than the "no possibility" standard required at the motion to remand stage. *Id.* at 1177–78, n.2.

Similarly, here, although Defendants may be correct that Plaintiff's IIED claim would not survive a Rule 12(b)(6) motion, the Court does not find that there is no possibility that the claim can proceed.  Plaintiff alleges that Welter deceived Plaintiff by wrongly telling him that he could not request medical leave less than two weeks in advance, and in doing so denied him the right to take leave.  This alleged conduct is not a pure personnel management decision like simply denying medical leave or terminating Plaintiff would be.  As in both *Gibson* and *Calero*, the allegation that

Defendant Welter engaged in extraneous deceptive conduct[1] in carrying out the management decision is enough to make it at least possible that a state court could find that Plaintiff has alleged or could allege extreme and outrageous conduct to support an IIED claim against Welter.  Assessing the plausibility of Plaintiff's claim any further would require the Court to engage in the sort of "inquiry into the merits of the plaintiff's case" which the Ninth Circuit has disavowed.  *Grancare, LLC*, 889 F.3d at 548–49.

Because Plaintiff can possibly state a claim for IIED against Welter in state court, he is not a "sham defendant."  The Court thus does not have jurisdiction based on diversity and must remand the action.

### IV.     Conclusion

For the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 7) is GRANTED.  Defendants' Motion to Dismiss (ECF No. 3) is DENIED AS MOOT.

The Clerk of Court is directed to remand the case to the Superior Court of California, County of Sacramento and close this case.

IT IS SO ORDERED.

Dated:   **June 26, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] The alleged deception would also possibly put this conduct outside the preemptive scope of the California Workers Compensation Act ("WCA").  Although Defendant does not raise WCA preemption in its Notice of Removal or its Opposition, the Court agrees with Plaintiff's argument in his Reply that a state court could find that deceptive management conduct is outside the "normal risk of employment." *See, e.g.*, *Lenk v. Total–Western, Inc.*, 89 Cal. App.4th 959, 972 (2001) (supervisor's "misrepresentations made to induce [the plaintiff] to become an employee, w[ere] not a normal part of the employment relationship or a risk reasonably encompassed within the compensation bargain."); *Calero*, 271 F. Supp. 2d at 1181 (finding that IIED claim was not impossible because it was unclear whether the supervisor's deception was "so far out of the normal risks of the employment relationship as to be beyond the reach of Workers' Compensation.").